IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
LAKEVA SCRUGGS,              )
                             )
    Plaintiff,               )
                             )       CIVIL ACTION NO.
    v.                       )         2:19cv317-MHT
                             )             (WO)
CITY OF MONTGOMERY,          )
                             )
    Defendant.               )
```

OPINION AND ORDER

Upon recent review of the case, it came to the court's attention that the allegations of the plaintiff's complaint are insufficient to invoke this court's diversity-of-citizenship jurisdiction. The allegations must show that the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332.

The plaintiff's complaint fails to meet this standard in two ways. First, it provides the "residence" rather than the "citizenship" of plaintiff Lakeva Scruggs. An allegation that a party is a "resident" of a State is not sufficient to establish

that a party is a "citizen" of that State. *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("Residence alone is not enough.") (citation omitted); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").[1]

Second, the complaint does not allege the citizenship of defendant City of Montgomery, a municipal corporation. "A public entity or political subdivision of a state, unless simply an 'arm or alter ego of the State,' ... is a citizen of the state for diversity purposes." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999) (citing *Moor v. Alameda County*, 411 U.S. 693, 717-18 (1973) (internal citations omitted))." While the Alabama

---

1 "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. ... And domicile requires both residence in a state and 'an intention to remain there indefinitely....'" *Travaglio*, 735 F.3d 1266, 1269 (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257, 1258 (11th Cir. 2002)) (internal citation omitted)

citizenship of the defendant city seems apparent, in the interest of eliminating any possible future question as to jurisdiction, the plaintiff should affirmatively plead the city's citizenship.  In this case, the political subdivision is a corporation, so plaintiff should also meet the requirements for pleading the citizenship of a corporation.  To invoke jurisdiction based on diversity in a case in which a corporation is a party, it is necessary to allege distinctly and affirmatively all the States by which the corporation has been incorporated *and* the State in which the corporation has its principal place of business.  28 U.S.C. § 1332(c); *see also American Motorists Ins. Co. v. American Employers' Ins. Co.*, 600 F.2d 15, 16 and n.1 (5th Cir. 1979) (per curiam).[2]

---

2. In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

\*\*\*

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until September 27, 2021, to amend the complaint to allege jurisdiction sufficiently, *see* 28 U.S.C. § 1653; otherwise this lawsuit shall be dismissed without prejudice.

DONE, this the 13th day of September, 2021.

                                      /s/ Myron H. Thompson
                                 **UNITED STATES DISTRICT JUDGE**