IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| LAKEVA SCRUGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:19cv317-MHT |
| | ) | (WO) |
| CITY OF MONTGOMERY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Lakeva Scruggs brought this suit against defendant City of Montgomery. Scruggs alleges that she sustained serious injuries after stepping into an uncovered stormwater drain owned by the city. She rests her lawsuit on the following five counts: "negligence," Amended Compl. (Doc. 33) at 2, "wantonness," *id.* at 3, "failure to properly train, maintain, inspect and/or warn of hazardous and/or dangerous condition," *id.* at 4, "negligent hiring, training, and supervision," *id.* at 6, and "*respondeat*

*superior*," *id.* at 7.   Jurisdiction is proper under 28 U.S.C. § 1332 (diversity).

This cause is now before the court on the city's motion for summary judgment.   For the reasons that follow, the motion will be denied with respect to the count of negligence, but granted with respect to the remaining counts to the extent that those counts are substantively different from the count of negligence.


## I. Summary-Judgment Standard

Summary judgment is proper where "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).   Where, as here, the non-moving party bears the burden of proof at trial, "the moving party, in order to prevail, must do one of two things: show that the non-moving party has no evidence to support ... its case, or present 'affirmative evidence demonstrating that the non-moving party will be unable to prove ... its case at trial.'"   *Hammer v. Slater*, 20

2

F.3d 1137, 1141 (11th Cir. 1994) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437–38 (11th Cir. 1991) (en banc)).  Once the party seeking summary judgment has informed the court of the basis for its motion, the burden shifts to the non-moving party to show that a genuine issue of material fact exists.  *See id.*  In making its determination, the court must view all evidence and any factual inferences in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II.  Background

The facts, viewed in the light most favorable to Scruggs, are as follows.

Scruggs stepped out of her friend's car on a street in Montgomery, Alabama and into a stormwater drain that was obscured by leaves and missing its cover.  Her leg entered the drain up to her knee, resulting in injuries

that required surgery, physical therapy, and missed work, and that continue to bother her today.

The city owns the drain.  It has no record of when it last cleaned or serviced the drain, or any of its drains.

### III. Discussion

The city contends that it is entitled to municipal immunity.  Municipal immunity in Alabama is governed by § 11-47-190 of the Code of Alabama, which provides, in relevant part:

> "No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the neglect, carelessness, or unskillfulness of some agent, officer, or employee of the municipality engaged in work therefor and while acting in the line of his or her duty, or unless the said injury or wrong was done or suffered through the neglect or carelessness or failure to remedy some defect in the streets, alleys, public ways, or buildings after the same had been called to the attention of the council or other governing body or after the same had existed for such an unreasonable length of time as to raise a presumption of knowledge of such

**4**

defect on the part of the council or other governing body."

The Alabama Supreme Court has interpreted this statute to provide two distinct exceptions to municipal immunity. Under the first exception, "the municipality may be liable, under the doctrine of *respondeat superior*, for injuries resulting from the wrongful conduct of its agents or officers in the line of duty." *Ex parte City of Muscle Shoals*, 257 So. 3d 850, 855 (Ala. 2018). Under the second exception, "the municipality may be liable for injuries resulting from its failure to remedy conditions created or allowed to exist on the streets, alleys, public ways, etc., by 'a person or corporation not related in service to the municipality' ... [provided that the municipality has] actual or constructive notice of the condition." *Id.*

Scruggs brings her suit under the first exception; she argues that her injury resulted from the city's

negligent failure to maintain the drain.[*]  The city, of course, has a duty to maintain its streets and drainage system in a reasonably safe condition.  *See City of Florence v. Stack*, 155 So. 2d 324, 369 (Ala. 1963); *City of Mobile v. Jackson*, 474 So. 2d 644, 649 (Ala. 1985).  To hold the city liable for failing to remedy a defect in its streets or sewer system, however, a plaintiff must show that the city had "actual notice of the defect or [that] the defect had existed for such an unreasonable length of time that the city could have obtained notice or knowledge of the defect by the use of ordinary diligence."  *Slade v. City of Montgomery*, 577 So.2d 887, 893 (Ala. 1991).

---

[*]  Scruggs cannot bring suit under the second exception without joining as a defendant the allegedly responsible third party, which she has not.  *See* § 11-47-191, Ala. Code ("The injured party, if he institutes a civil action against the municipality for damages suffered by him, shall also join such other person or persons or corporation so liable as defendant or defendants of the civil action, and no judgment shall be entered against the city or town unless judgment is entered against such other person or corporation so liable for such injury.").

## A. Count I--Negligence

The city argues that it is entitled to summary judgment on the negligence count because Scruggs does not allege that the city had actual notice of the drain's defective condition, and because she presents insufficient evidence for a jury to find that the drain's defective condition had existed for long enough so that the city should have discovered it. The city does not present any affirmative evidence of the length of time that the drain existed in its defective condition.

In response, Scruggs presents a photograph of the uncovered drain. *See* Pl.'s Ex. 2 (Doc. 30-2). The photograph shows that the edges of the drain, once protected by its cover, are weathered. One sports a layer of white paint that is faded and patchy. Weeds spill over the drain's precipice.

From this circumstantial evidence, a jury could find that the drain had been missing its cover for some time--indeed, enough time so that the city should have

7

noticed.  *See, e.g.*, *City of Gadsen v. Ryan*, 226 So.2d 87, 88–89 (Ala. 1969) (finding circumstantial evidence, including evidence of weeds growing over washed-out section of road, to raise issue of material fact as to whether city was on constructive notice of road's defective condition).  There is thus a genuine issue of material fact as to whether the city had constructive notice of the drain's condition, and the city is not entitled to summary judgment on the negligence count.


### B. Count II--Wantonness

There is "no exception in [§ 11-47-190] allowing an action against a municipality for the wanton or willful conduct of its agents or employees."  *Morrow v. Caldwell*, 153 So.3d 764, 770 (Ala. 2014) (per curiam).  The city is therefore entitled to summary judgment on the wantonness count.

### C. Count III--Failure to Properly Train, Maintain, Inspect and/or Warn of Hazardous and/or Dangerous Condition

Scruggs has presented no evidence regarding the city's alleged failure to train.  The city is therefore entitled to summary judgment on the third count to the extent that it alleges a failure to train.

To the extent that the third count alleges that the city failed "to maintain, inspect and/or warn of hazardous and/or dangerous condition," the court considers those allegations to be subsumed in the count of negligence.

### D. Count IV--Negligent Hiring, Training, and Supervision

Scruggs has presented no evidence regarding the city's alleged negligent hiring, training, and supervision.  The city is therefore entitled to summary judgment on the fourth count.

**E. Count V--*Respondeat Superior***

*Respondeat Superior* is not a theory of recovery, but a doctrine that allows an employer to be held liable for the acts of its employees.  The court therefore considers the fifth count to be subsumed in the count of negligence.

**\*\*\***

Accordingly, it is ORDERED that:

(1) Defendant City of Montgomery's motion for summary judgment (Doc. 27) is denied as to count I (negligence) of plaintiff Lakeva Scruggs's complaint (Doc. 1).

(2) Defendant City of Montgomery's motion for summary judgment (Doc. 27) is granted as to the remaining counts, and those counts are dismissed, to the extent that they are not subsumed in the count of negligence.

(3) The deadlines of the uniform scheduling order (Doc. 13, Doc. 18, Doc. 22, Doc. 25) remain in effect.

(4) This case will proceed to trial on plaintiff

    Scruggs's theory of negligence.

DONE, this the 27th day of September, 2021.

                    ___/s/ Myron H. Thompson___
                    UNITED STATES DISTRICT JUDGE